J-S52024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WARREN B. SEXTON | |
| Appellant | No. 3180 EDA 2015 |

Appeal from the PCRA Order entered October 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0714521-1981

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 20, 2016**

Appellant, Warren B. Sexton, appeals *pro se* from the October 8, 2015 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural background of this matter in its Pa.R.A.P. 1925(a), which we incorporate here by reference. PCRA Court Opinion, 12/4/15, at 1-2. Briefly, on October 8, 1981, after a non-jury trial, Appellant was found guilty of robbery, second degree murder, possession of an instrument of crime, and conspiracy. On August 12, 1983, on direct appeal, this Court vacated the robbery sentence and affirmed the

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentences imposed on the remaining convictions.[1]  Appellant did not petition the Supreme Court for allowance of appeal.[2]

Appellant filed his first petition for post-conviction relief on October 24, 1986.  The court denied relief on May 27, 1987.  This Court affirmed the denial on May 18, 1988.  The Supreme Court denied Appellant's petition for allowance of appeal on November 17, 1988.

Appellant filed the instant petition on February 2, 2015.  The PCRA court dismissed the petition as untimely on October 8, 2015.  This appeal followed.

In his rather confusing brief, Appellant seems to challenge the legality of his sentence.[3]  Despite acknowledging the patent untimeliness of the

---

[1] The robbery sentence was vacated based on the following reasoning:

> Appellant was sentenced on both the conviction for robbery and the conviction for second degree murder, or felony murder. Since robbery was the felony underlying the conviction of second degree murder the sentence imposed on robbery should have merged with the sentence imposed on second degree murder.

*Commonwealth v. Sexton*, No. 128 Philadelphia 1982, unpublished memorandum at 10 (Pa. Super. filed August 12, 1983).

[2] Accordingly, for purposes of the PCRA, Appellant's judgment became final at the expiration of the time to seek allowance of appeal, 42 Pa.C.S.A. § 9545(b)(3), which was September 12, 1983.

[3] Appellant alleges that he never received the sentencing order, which, in Appellant's view, constitutes a *Brady v. Maryland*, 373 U.S. 83 (1963) violation.  In 2014, approximately 33 years after being convicted, Appellant requested a copy of his sentencing order.  Upon receipt of the order, Appellant "discovered" his sentence was illegal.  According to Appellant, the
*(Footnote Continued Next Page)*

instant PCRA petition, Appellant believes this Court could review the merits of his challenge because the alleged claim constitutes a **Brady** violation. Appellant's Brief at 4. Appellant believes that **Brady** violations "are not time barred or procedurally barred." **Id**. We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[4] "The PCRA's time

_____

*(Footnote Continued)* ————————

sentence is illegal because the terms of his sentence, as memorialized in the written order, are different from what he was told at the sentencing hearing. Appellant also argues that the terms of the convictions are contradictory: the sentencing court "made these (3) conviction agreements, then it's (Contradict) one another, first he convict, then he nolle pros and then merge a sentence." Appellant's Brief at 3 (verbatim). Appellant misapprehends the sentence. The PCRA court addressed Appellant's misapprehension in its memorandum. **See** PCRA Court Opinion, 12/4/15, at 4.

[4] It should be noted that Appellant's judgment became final prior to the effective date of the 1995 PCRA amendments (January 16, 1996). A "petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the amendments." Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1). However, as this is Appellant's *second* petition for collateral relief, Appellant does not qualify for this exception, which only applies to a *first* PCRA petition. **See Commonwealth v. Peterkin**, 722 A.2d 638, 641 (Pa. 1998). Even if it were Appellant's first petition, he would still not be entitled to relief

*(Footnote Continued Next Page)*

restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

The challenge raised here pertains to the merits of the case, but does not address the timeliness of the petition. Thus, couching the instant petition as a legality and/or *Brady* challenge does not address, much less exempt, the challenge from its jurisdictional timeliness requirements.

*(Footnote Continued)* _____

because his petition was filed more than one year after the effective date of the amendments.

Because Appellant addressed only the merits of the petition, but not its timeliness, we conclude Appellant's petition is untimely. We direct that a copy of the PCRA court's December 4, 2015 opinion be filed along with this Memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

    VS.

WARREN SEXTON,
        Petitioner

:
:
:

CP-51-CR-0714521-1981



CP-51-CR-0714521-1981 Comm. v. Sexton, Warren
Opinion

7378023991

CP-51-CR-0714521-1981 Comm. v. Sexton, Warren
Memorandum Opinion

7374286711

**OPINION**

MINEHART, J

The lower court dismissed the Post-Conviction Relief Act ("PCRA") petition filed on February 2, 2015 for the reasons set forth below.[1]

**PROCEDURAL HISTORY**

On October 8, 1981, following a non-jury trial, Petitioner was convicted of second-degree murder, robbery, criminal conspiracy and possession of an instrument of crime. On December 15, 1981, Petitioner was sentenced to life imprisonment for murder and lesser concurrent terms of incarceration on the remaining charges. On August 12, 1983, following a direct appeal, the Superior Court vacated the sentence imposed on the robbery conviction and affirmed the judgments of sentence imposed on the remaining convictions.[2] Petitioner did not seek *allocatur*.

On October 24, 1986, Petitioner filed a petition under the Post-Conviction Hearing Act ("PCHA"). Counsel was appointed. After counsel submitted a letter detailing the lack of meritorious claims, the lower court denied Petitioner's PCHA petition on May 27, 1987. The lower court's denial

---

[1] The Order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.
[2] *Commonwealth v. Sexton*, 464 A.2d 531 (Pa. Super. 1983) (unpublished memorandum).

1

was affirmed on appeal on May 18, 1988.[3] Petitioner's request for *allocatur* was subsequently denied on November 17, 1988.[4]

Petitioner's current PCRA petition was filed *pro se* on February 2, 2015.[5] Pursuant to Pennsylvania Rule of Criminal Procedure 907, the Petitioner was served with notice of the court's intention to dismiss his PCRA petition on August 7, 2015. The lower court thereafter dismissed his petition as untimely on October 8, 2015. Petitioner filed the instant notice of appeal to the Superior Court on October 22, 2015.

## DISCUSSION

Petitioner's present PCRA petition was untimely filed and none of the exceptions to the time-bar are applicable. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson,* 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

---

[3] *Commonwealth v. Sexton,* 545 A.2d 388 (Pa. Super. 1988)(unpublished memorandum).

[4] *Commonwealth v. Sexton,* 533 A.2d 966 (Pa. 1988).

[5] The current version of the PCRA contains a provision permitting a defendant whose conviction became final prior to January 16, 1996, the date the current version of the PCRA took effect, to file a timely first PCRA petition within one year of that date. *See Commonwealth v. Alcorn,* 703 A.2d 1054, 1056-57 (Pa. Super. 1997) (holding that where a petitioner's judgment of sentence became final on or before the effective date of the amendment to the PCRA, the amended PCRA contained a provision whereby a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing). Petitioner's most recently filed PCRA petition was neither his first nor was it filed within one year of the date the amendment took effect; his petition is therefore untimely.

2

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett,* 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr,* 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron,* 781 A.2d 94, 98 (Pa. 2001). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor,* 753 A.2d 780, 783 (Pa. 2000).

Here, Petitioner raised several allegations of error including the legality of his sentence. Petitioner's judgment of sentence became final on September 11, 1983, thirty days after the Superior Court affirmed, in part, the judgment of sentence. His current petition, filed on February 2, 2015 was therefore untimely by approximately thirty-one years. *See* 42 Pa.C.S.A. § 9545(b)(1).

3

In attempt to establish timeliness, Petitioner argued that the terms of his sentence, as detailed in the sentencing order he acquired in December 2014, constituted previously-unascertainable facts under subsection 9545(b)(1)(ii). The PCRA court disagreed. Petitioner was present when Judge Durham formally announced his sentence in 1981. N.T. 12/15/81 at 12-15. Moreover, the sentencing court clearly addressed the third-degree murder conviction that is a source of Petitioner's misapprehension.[6] *Id.* at 15. Petitioner therefore failed to demonstrate that the terms of his sentence were previously unknown for purposes of the PCRA time-bar. Because the PCRA's timeliness requirements are jurisdictional in nature, this court did not address Petitioner's substantive claims. Accordingly, for the reasons stated herein, it is suggested that the decision of the court dismissing the PCRA petition be affirmed.

BY THE COURT:

HON. JEFFREY P. MINEHART

---

[6] The court granted the Commonwealth's motion to *nolle pros* the third-degree murder conviction noting that it merged with second-degree murder. N.T. 12/15/81 at 15. Petitioner's complaint of sentencing error also stems from the mistaken belief that the Superior Court vacated his robbery conviction, when in fact it only vacated the associated sentence. *See* Supplemental PCRA Petition, 7/27/15 at 2. Specifically, following Petitioner's direct appeal, the Superior Court vacated the sentence relating to the robbery conviction finding that it should have merged with the sentence imposed on the second-degree murder charge. *Commonwealth v. Sexton*, 464 A.2d 531 (Pa. Super. 1983).

4